UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-20453-CIV-HUCK/O'SULLIVAN

ANTWILL JOSE SALAZAR
ZAMBRANO, et al.,

    Plaintiffs,
vs.

INDIAN CREEK HOLDING, LLC, a
Florida Limited Liability Company, and
ROYAL TITLE & ESCROW COMPANY,
INC., a Florida corporation,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

    THIS CAUSE is before the Court upon Defendant Indian Creek Holding LLC's ("Indian Creek") Motion to Dismiss the Complaint filed on March 12, 2009 [D.E. #9]. The Plaintiffs filed their response, the Defendant filed its reply and the Motion is now ripe for adjudication. The Court, having considered the Motion, opposition, reply, and being otherwise fully advised in the premises, grants the Motion in part and denies the Motion in part.

**I. Background**

    This action arises from a dispute regarding a contract for the purchase of a condominium unit to be built by Defendant Indian Creek[1] in a condominium property known as NoBe Bay. The Plaintiffs and Indian Creek executed the "Contract for Purchase and Sale" on August 8, 2007 (the "Contract," attached as Exhibit A to the complaint), in which Indian Creek agreed to sell the Plaintiffs unit 1406 in the NoBe Bay project for the purchase price of $885,000. The Plaintiffs issued an initial deposit of $177,000, from which the sum of $88,500.00 was to be held in escrow by Defendant Royal Title & Escrow Company, Inc., and from which the remaining $88,500.00 could

---

[1]There are two defendants in this case, Indian Creek and Royal Title & Escrow Company, Inc. Only Indian Creek filed the motion to dismiss. Therefore, for ease of reference in this order, any reference to the singular "defendant" are references to Indian Creek.

be release directly to Indian Creek.

On September 25, 2008, the Plaintiffs sent the first letter to Indian Creek requesting an immediate return of their deposit due to Indian Creek's failure to register the project with the Department of Housing and Urban Development ("HUD") and failure to deliver a property report to the Plaintiffs as required under Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 *et seq.* ("ILSA"). On October 31, 2008, the Plaintiffs sent a subsequent letter to Indian Creek, again requesting a return of their deposit for violations of ILSA and additionally alleging a right to void the Contract under the Florida Condominium Act due to certain defects in the Contract.

The Plaintiffs filed this action on February 23, 2009. The complaint alleges of violations of: (i) the disclosure requirements contained in the Florida Condominium Act, Fla. Stat. § 718.202 (Count I), (ii) disclosure and registration requirements of ILSA (Count II), and (iii) the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* ("FDUPTA") (Count III). Indian Creek has moved to dismiss all counts for failure to state a cause of action.

**II.     Motion to Dismiss Standard**

In reviewing a motion to dismiss, all well-pled facts in the complaint and all reasonable inferences drawn from those facts must be taken as true. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are generally not necessary; the statement need only "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957)). In this regard, however, a plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations in the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *See, e.g.*, *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

**III.     Analysis**

    **A.     Florida Condominium Act Requirements**

Count I alleges that the Contract fails to include a legend[2] immediately above the place for

---

[2]The required legend is "ANY PAYMENT IN EXCESS OF 10 PERCENT OF THE PURCHASE PRICE MADE TO DEVELOPER PRIOR TO CLOSING PURSUANT TO THIS CONTRACT MAY BE USED FOR CONSTRUCTION PURPOSES BY THE DEVELOPER."

the signature of the buyer, in violation of the requirements of the Florida Condominium Act, Fla. Stat. § 718.202(3). That statute requires the legend to appear on the first page of the Contract, as well as immediately above the signature line. That legend is on the first page but does not also appear "immediately" above the signature line, rather, it is on the second-to-last page of the Contract, seven paragraphs above the signature line. The statute further provides that "failure to comply with the provisions of this section renders the Contract voidable by the buyer, and, if voided, all sums deposited or advanced under the Contract shall be refunded." Fla. Stat. § 718.202(5). By the plain language of the statute, the legend fails to appear "immediately" above the signature line and the Contract is "voidable" by the buyer.

Indian Creek does not dispute that the language is not in the required location immediately above the signature line; however, it contends that the Plaintiffs' time for voiding the Contract on that basis has expired. Indian Creek argues that a contract is "voidable" by the buyer only within fifteen days of the date of the buyer's signature of the Contract, based on paragraph 41 of the Contract and Fla. Stat. § 718.503.[3] The general statutory right to rescind a condominium sale contract is controlled by section 718.503. *McGuinness v. Prospect Aragon, LLC*, 981 So. 2d 496, 498 (Fla. Dist. Ct. App. 2008). Section 718.503 requires certain language to be included in a contract that informs buyers of their right to void the contract, including the statements that (i) the buyer may void the contract within 15 days of his/her signature and receipt by buyer of all the items required to be delivered under section 718.503 and (ii) the buyer's right to void the contract terminates at closing. Moreover, section 718.202 itself does not state when the purchaser's right to

---

[3] Paragraph 41 of the Contract contains the language mandated by Fla. Stat. § 718.503 regarding a buyer's right to terminate the Contract, that language reads: THIS CONTRACT IS VOIDABLE BY PURCHASER BY DELIVERING WRITTEN NOTICE OF THE PURCHASER'S INTENTION TO CANCEL WITHIN 15 DAYS AFTER THE DATE OF EXECUTION OF THIS AGREEMENT BY THE PURCHASER, AND RECEIPT BY PURCHASER OF ALL OF THE ITEMS REQUIRED TO BE DELIVERED TO HIM OR HER BY THE DEVELOPER UNDER SECTION 718.503, FLORIDA STATUTES. THIS CONTRACT IS ALSO VOIDABLE BY PURCHASER BY DELIVERING WRITTEN NOTICE OF THE PURCHASER'S INTENTION TO CANCEL WITHIN 15 DAYS AFTER THE DATE OF RECEIPT FROM THE SELLER OF ANY AMENDMENT WHICH MATERIALLY ALTERS OR MODIFIES THE OFFERING IN A MANNER THAT IS ADVERSE TO THE PURCHASER. ANY PURPORTED WAIVER OF THESE VOIDABILITY RIGHTS SHALL BE OF NO EFFECT. PURCHASER MAY EXTEND THE TIME FOR CLOSING FOR A PERIOD OF NOT MORE THAN 15 DAYS AFTER THE PURCHASER HAS RECEIVED ALL OF THE ITEMS REQUIRED. PURCHASER'S RIGHT TO VOID THIS AGREEMENT SHALL TERMINATE AT CLOSING.

void provided therein expires. Indian Creek contends that the Plaintiffs' attempt to void the Contract were made well after the fifteen day time period provided for paragraph 41 of the Contract and were therefore "improper and ineffective." (Mot. to Dismiss 4.) The Plaintiffs contend that if the Contract itself is deficient under section 718.202, then the contractual periods for termination can not apply and its time to void the complaint has not expired. However, Defendant's contend that paragraph 41 of the Contract which contains the language mandated by section 718.503 regarding the time period for voiding a contract controls. Thus, the determinative issue is whether the time for Plaintiffs to void the complaint had expired.

Courts construe a statute "so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant . . . ." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004). Furthermore, statutes are to be read as a whole. *King v. St. Vincent's Hospital*, 502 U.S. 215, 221 (1991). Because section 718.202 of the Florida Condominium Act itself does not state when the purchaser's right to void provided therein expires, the Court looks at the general right to void a sales contract provided in section 718.503 of that Act. The Court finds that plain reading of section 718.503 in conjunction with section 718.202 dictates that the Contract's failure to comply with section718.202 provided the Plaintiffs fifteen days from the date of signature to void the Contract, unless the parties had closed prior to the end of the fifteen day period, in which case, the statue provides that the buyer's right to void the Contract would have terminated at closing. Here, according to the copies of correspondence attached to the complaint, the Plaintiffs made their first request to void the Contract pursuant to Fla. Stat. § 718.202 on October 31, 2008.[4] (Compl., Exh. B.) This date is more than fifteen days after the Plaintiffs signed the Contract, in fact it is more than one year after the signing of the Contract. Thus, the Court finds that based on the allegations of the complaint, including the Contract, the Plaintiffs' attempt to void the Contract for failure to comply with section 718.202 was made after the time to do so had expired. Accordingly, Indian Creek's Motion to Dismiss is granted with prejudice as to Count I since it is apparent from the face of the complaint that the Plaintiff can not state a non-time barred claim on this basis.

---

[4]The Plaintiffs also sent a letter on September 25, 2008 requesting a return of their deposit due to Indian Creek's failure to comply with ILSA. Even using this earlier date, both of Plaintiffs' attempts were outside of the fifteen day time period for voiding a contract for sale of a condominium.

B. **Interstate Land Sales Full Disclosure Act ("ILSA")**

Count II alleges that Indian Creek violated ILSA by (i) not providing the required property report and (ii) failing to disclose the Plaintiffs' right to rescind the Contract in the event that the property report is not delivered. ILSA is a consumer protection statute that requires non-exempt sellers of land to inform buyers, prior to purchase, of facts which would enable a reasonably prudent individual to make an informed decision about purchasing the property. *Paquin v Four Seasons of Tenn., Inc.*, 519 F.2d 1105, 1109 (5th Cir. 1975). Thus, before selling or leasing any lot[5] not exempt under 15 U.S.C. § 1702, a non-exempt developer engaged in interstate land sales must first (1) file a "statement of record" with HUD pursuant to 15 U.S.C. §1704 and (2) provide a "property report" to the purchaser before he or she signs any contract pursuant to 15 U.S.C. § 1703(a)(1). Indian Creek contends that it is exempt from ILSA registration and disclosure requirements pursuant to (i) § 1702(b), which exempts the sale or lease of lots in sub-divisions containing fewer than 100 lots and (ii) § 1702(a)(2), which exempts properties sold pursuant to a contract that includes an obligation for the seller or lessor to erect a building thereon within two years.

Indian Creek first argues that the NoBe Bay project is exempt from ILSA because it qualifies for the "100 lot exemption" as the complex in question contains only 98 lots (condominium units) for sale. (Mot. to Dismiss 5.) However, the complaint alleges that the development consists of <u>more</u> than 100 lots. (Compl., para. 12.) Neither side has submitted any documentation providing information beyond their bare contentions about the number of units for sale. Because the Court views the complaint in the light most favorable to the Plaintiff, and must limit its consideration to the pleadings and any exhibits attached thereto, Fed. R. Civ. P. 10(c), the Court finds that Indian Creek has not demonstrated that it is exempt from ILSA under the 100 lot exemption of §1702(b).

Indian Creek next argues that they are exempt from ILSA because the two-year completion estimation in the Contract was just an estimation and did not guarantee a two year completion. Indian Creek appears to misunderstand the statute and the § 1702(a)(2) exemption. Its argument that it did not guarantee completion within two years, but only estimated it, actually supports the Plaintiffs' claim that the NoBe Bay project was <u>not</u> eligible for the "two-year completion exemption." Pursuant to § 1702(a)(2), a developer is exempt from the requirements of ILSA when the contract contains an <u>unconditional commitment</u> by the developer to complete the condominium units within two years. *Samara Dev. Corp. v. Marlow*, 556 So. 2d 1097, 1100 (Fla. 1990). As

---

[5] The definition of "lot" includes condominiums. *Winter v Hollingsworth Properties, Inc.*, 777 F.2d 1444, 1447 (11th Cir. 1985).

Indian Creek itself states in its Motion to Dismiss, the Contract here does not unconditionally guarantee completion within two years, but rather only provides an "estimate" of the completion within two years. Therefore, § 1702(a)(2), the exemption from ILSA for projects that have an unconditional commitment to be completed in less than two years, does not apply here.[6]

Therefore, from the facts as currently alleged, it appears that ILSA is applicable to the sale of the condominium at issue. Viewing the alleged facts in the light most favorable to the Plaintiffs, the property contains more than 100 units. Also, by arguing that it was not obligated to complete construction within two years, Indian Creek itself affirms that the project is not eligible for the two-year completion exemption. Lastly, Indian Creek also appears to argue that it has in fact supplied the Plaintiffs with the required property report. (Mot. to Dismiss 6, "[n]otwithstanding the fact that Indian Creek has in fact provided the Plaintiff with said information, the Plaintiff's claim fails as Indian Creek is under no requirement to provide said information to Plaintiff because it qualifies for the ILSA exemption"). However, Indian Creek provides no support for that argument other than that one vague sentence, which also directly contradicts its other arguments that the NoBe Bay development is exempt from ILSA. In the complaint, the Plaintiffs contend that they never received the required property report. Again, viewing the alleged facts in the light most favorable to the Plaintiffs, and without any evidence to the contrary from Indian Creek,[7] the Court finds that the Plaintiffs have stated that they did not receive the required the property report and therefore state a plausible claim for a violation of ILSA. Accordingly, Indian Creek's Motion to Dismiss is denied with respect to Count II.

C. **Florida Deceptive and Unfair Trade Practices Act ("FDUPTA")**

Count III alleges that through the use of "an illusory and/or otherwise illegal contract, including, but not limited to, the failure to include a specific completion date in the contract...," Indian Creek engaged in unfair methods of competition or deceptive acts. (Compl., para. 33-34.)

---

[6] Indian Creek unnecessarily goes on to discuss that two years from the date of the Plaintiffs signing the Contract will not occur until August 8, 2009, and that the project may be complete by then. The actual date of completion is irrelevant here. The key to the two-year ILSA exemption is whether the contract guarantees the completion two-years from signing. *Dorchester Dev., Inc. v. Burk*, 439 So. 2d 1032, 1034 (Fla. Dist. Ct. App. 1983) (holding that even when a seller that actually completes construction within two years, that seller is not exempt from ILSA if the contract did not include an unconditional obligation to do so).

[7] Of course, while such evidence would be inappropriate in support of a motion to dismiss, that evidence would be appropriate in support of a motion for summary judgment.

Indian Creek argues that the Plaintiffs have not alleged any unfair and misleading conduct that would constitute a violation of FDUPTA and that the purported FDUPTA violations hinge entirely on the alleged ILSA violations. (Mot. to Dismiss 10.) FDUTPA prohibits any "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts of practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1). A violation of FDUPTA may be based upon "any law, statute, rule, regulation, or ordinance which proscribes unfair, deceptive, or unconscionable acts or practices." Fla. Stat. § 501.203(3)(c). Because ILSA generally prohibits unfair and deceptive trade practices, a violation of ILSA may be a violation of the FDUTPA as well. *Trotta v. Lighthouse Point Land Co., LLC*, 551 F. Supp. 2d 1359, 1367 (S.D. Fla. 2008). Thus, because the Plaintiffs have alleged a plausible claim for a violation of ILSA, the Plaintiffs have also stated a claim for a violation of FDUPTA. Therefore, the Motion to Dismiss is also denied with respect to Count III.

## IV. Conclusion

Therefore, for the reasons stated above, Count I of the complaint fails to state a cause of action and the Motion to Dismiss is granted with prejudice as to Count I. Counts II and III state a cause of action and the Motion to Dismiss is denied as to Counts II and III.

DONE and ORDERED in Chambers at Miami, Florida this June 4, 2009.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record