UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-20453-CIV-HUCK/O'SULLIVAN

ANTWILL JOSE SALAZAR ZAMBRANO,
et al.,

    Plaintiffs,

vs.

INDIAN CREEK HOLDING, LLC, a Florida
Limited Liability Company, and ROYAL
TITLE & ESCROW COMPANY, INC., a
Florida corporation,

    Defendants.
_____/



### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court on the Defendant's Motion for Judgment on the Pleadings or, in the alternative, Summary Judgment as to Count III filed on July 20, 2009 (D.E. #24) (the "Motion"). The Plaintiffs filed a response on July 28, 2009. For the reasons discussed herein, the Motion for Judgment on the Pleadings as to Count III is granted.

This action arises from a dispute regarding a contract for the purchase of a condominium unit to be built by Defendant Indian Creek Holding, LLC ("Indian Creek") in a condominium property known as "NoBe Bay." The Complaint alleges three causes of action: (1) violation of the Florida Condominium Act's disclosure requirements, Fla. Stat. §718.202(5) (Count I); (2) violation of the Interstate Land Sales Full Disclosure Act ("ILSA") (Count II); and (3) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count III). Indian Creek previously filed a motion to dismiss, which was granted with prejudice as to Count I and denied as to Counts II and III. (June 4, 2009 Order.) Indian Creek then filed a Motion for Summary Judgment as to Count II, which was granted. (July 14, 2009 Order.) Count III, which alleges a violation of FDUTPA, is the only remaining count in this action. The Defendant now moves for a judgment on the pleadings or, in the alternative, summary judgment as to Count III.

Summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, all evidence must be viewed in the light most favorable to the non-moving party to determine whether that evidence could reasonably result in a ruling in that party's favor. *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997). A mere "scintilla" of evidence in favor of the non-moving party, or evidence that is "merely colorable or not significantly

probative" is not enough. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986)**.**

Count III, the FDUTPA claim, alleges that the Defendant "[t]hrough its use of an illusory and/or otherwise illegal contract including, but not limited to the failure to include a specific completion date in the Contract," engaged in unfair or deceptive acts. Previously, in denying the Defendant's Motion to Dismiss, the Court found that a claim for a violation of FDUTPA may be based upon a violation of ILSA and that because the Plaintiff had initially stated a claim for a violation of ILSA, the Plaintiff had sufficiently stated a claim for a violation of FDUTPA . (June 4, 2009 Order.) However, because the ILSA claim has now been dismissed from this case on the Defendant's prior motion for summary judgment, the Plaintiffs must have alleged another basis for finding a violation of FDUTPA for that count to remain. The only other basis alleged in Count III, and in Plaintiffs' response to the Motion, is the Defendant's failure to include a specific completion date in the sales contract. The Defendant does not dispute that it did not provide a specific completion date in the contract, but rather provided an estimated completion date. However, the Court finds that, as a matter of law, providing the buyer with an estimated completion date in a sales contract is not an unfair, deceptive or misleading trade practice. An unfair trade practice that violates FDUTPA is "one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *PNR, Inc. v. Beacon Prop. Mgmt.*, 842 So. 2d 773, 777 (Fla. 2003) (internal citations omitted). A deceptive practice occurs if there is a "representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Millennium Communications & Fulfillment, Inc. v. Office of the Attorney Gen.*, 761 So. 2d 1256, 1263 (Fla. Dist. Ct. App. 2000). The Court finds that, viewing the allegations in the light most favorable to the Plaintiffs, the Plaintiffs have not alleged any unfair or deceptive act that could be construed as a violation of FDUTPA.

Accordingly, the Defendant's Motion for Summary Judgment as to Count III is GRANTED and Count III of the complaint is dismissed. Because there are no remaining claims in this case, the case is CLOSED and all other pending motions are DENIED AS MOOT.

DONE and ORDERED in Chambers at Miami, Florida this July 29, 2009.

Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record