UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20453-CIV-HUCK/O'SULLIVAN

ANTWILL JOSE SALAZAR
ZAMBRANO, DIHAD JOSE TABET
ASSAF, and CARMELO ANDREA
POLITO MONDO, all individuals,

    Plaintiffs,

v.

INDIAN CREEK HOLDINGS, LLC,
a Florida Limited Liability Co., and
ROYAL TITLE & ESCROW CO.,
a Florida corporation,

    Defendants.
_____/

## AMENDED[1] REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on the Defendant Indian Creek Holdings, LLC, a Florida Limited Liability Co.'s Motion for Entitlement to Attorney's Fees and Costs (DE# 29, 7/30/09). This matter was referred to the undersigned by the Honorable Paul C. Huck, United States District Judge (DE# 30, 8/3/09). The undersigned finds that the defendant, Indian Creek Holdings, LLC., is the prevailing party and should be entitled to an award of its reasonable attorneys' fees and costs. Having reviewed the motion and having received no response from the plaintiffs notwithstanding Local Rule 7.1 ( C) and an Order to do so, the undersigned RECOMMENDS that the Defendant Indian Creek Holdings, LLC, a Florida Limited Liability Co.'s Motion for Entitlement to Attorney's Fees and Costs (DE# 29, 7/30/09) be

---

[1] This report and recommendation is amended to correct a typographical error on page 3.

GRANTED.

## DISCUSSION

The plaintiffs filed a three count Complaint against the defendants for: 1) violation of Section 718.202 of the Florida Statutes (Count 1); 2) violation of the Interstate Land Sales Full Disclosure Act ("ILSA") (Count II); and 3) violation of the Florida Unfair and Deceptive Trade Practices Act ("FDUTPA") (Count III).  Count I was dismissed with prejudice on June 4, 2009.  The defendant's motions for summary judgment on Count II and Count III were granted on July 14, 2009, and July 30, 2009, respectively.  The defendant is the prevailing party on all three counts.

Florida law requires either a contractual or statutory basis to recover fees as the prevailing party.  See  Key West Polo Club Developers, Inc. v. Tower Construction Co., 5899 So. 2d 917 (Fla. 3d DCA 1991).  The defendant asserts that it is entitled to an award of reasonable attorneys' fees pursuant to the parties' contract and Sections 718.303 and 501.2105 of the Florida Statutes.  The undersigned agrees.  Sub-section 8(a) of the parties' contract provides in pertinent part:

> In the event any litigation or arbitration is commenced as a result of this Contract and Seller prevails in such litigation or arbitration, the Purchaser shall also be liable for Seller's attorneys' fees and costs resulting therefrom.

(DE# 20-2, 6/16/09).

Section 718.303 governs prevailing party fees for actions involving condominium associations and provides in pertinent part:

> The prevailing party in any action in which the purchaser claims a right of voidability based upon the contractual provisions as required in
> s. 718.503(1)(a) is entitled to recover reasonable attorney fees.

Fla. Stat. § 718.303 (2008).

Finally, Sub-section 501.2105(1) provides for attorneys fees to the prevailing party in the context of the Florida Deceptive and Unfair Trade Practices Act:

> In any civil litigation resulting from an act or practice involving a violation of this party, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party.

Fla. Stat. § 501.2105(1) (2008).

The parties' contract as well as the statutory claims provide the basis for an award of reasonable attorneys' fees to the defendant as the prevailing party in this action. Accordingly, the defendant should be entitled to an award of its reasonable attorneys' fees and costs.[2]

## **RECOMMENDATION**

For all of the foregoing reasons, the undersigned recommends that the Defendant Indian Creek Holdings, LLC, a Florida Limited Liability Co.'s Motion for Entitlement to Attorney's Fees and Costs (DE# 29, 7/30/09) be GRANTED. The defendant should be required to submit its requested fees with appropriate documentation within ten (10) days of any order adopting this Report and Recommendation.

The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S.

---

[2]The defendant only briefed its entitlement to fees and requested that the award of fees be determined after a ruling on entitlement.

958, 109 S. Ct. 397 (1988); See also, RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

      RESPECTFULLY SUBMITTED in Chambers, at the United States Courthouse, Miami, Florida this **10th** day of November, 2009.

                                                                    _____
                                                                    JOHN J. O'SULLIVAN
                                                                    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Huck
All counsel of record