UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20453-CIV-HUCK/O'SULLIVAN

ANTWILL JOSE SALAZAR
ZAMBRANO, DIHAD JOSE TABET
ASSAF, and CARMELO ANDREA
POLITO MONDO, all individuals,

    Plaintiffs,

v.

INDIAN CREEK HOLDINGS, LLC,
a Florida Limited Liability Co., and
ROYAL TITLE & ESCROW CO.,
a Florida corporation,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on the Notice of Filing Time Sheets in support of Defendant's request for attorneys' fees and in accordance with the undersigned's November 30, 2009 Order.  Defendant Indian Creek Holdings, LLC, a Florida Limited Liability Co.'s Motion for Entitlement to Attorney's Fees and Costs (DE# 29, 7/30/09) was referred to the undersigned by the Honorable Paul C. Huck, United States District Judge (DE# 30, 8/3/09).  On November 30, 2009, the District Court entered an Order Adopting Report and Recommendation, which granted the Defendant's Motion for Entitlement to Attorney's Fees and Costs (DE# 29, 7/30/09) and adopted the undersigned's Report and Recommendation (DE# 33, 11/10/09).

Having determined that the defendant is the prevailing party and is entitled to an award of attorneys' fees, the undersigned ordered the defendant to

file a request identifying the amount of fees sought and to file supporting documentation. (DE# 35, 11/30/09)  In accordance with the undersigned's November 30, 2009 Order, the defendant filed its Notice of Filing Time Sheets (DE# 36, 12/9/09) as well as the Affidavit of Attorney [Richard L. Barbara] as to Time and Fees and its Notice of Filing Affidavit of Reasonable Attorneys Fees by Benjamin R. Alvarez, Esq. Thereafter, the undersigned ordered the plaintiffs to file their response with specific objections to the time and hourly rates in the defendant's Time Sheets by December 30, 2009. (DE# 37, 12/16/09).  The plaintiffs failed to file any response.

The undersigned finds that the defendant, Indian Creek Holdings, LLC.'s hourly rates and hours incurred are reasonable.  Having reviewed the motion and having received no response from the plaintiffs notwithstanding Local Rule 7.1 ( C) and an Order to do so, the undersigned RECOMMENDS that the Defendant Indian Creek Holdings, LLC, a Florida Limited Liability Co.'s request for attorney's fees and costs (DE# 29, 7/30/09) be GRANTED in the amount of $20,642.50 for 62.7 hours of legal work.

## DISCUSSION

This Court previously determined that the defendant is the prevailing party on all three counts and is entitled to an award of fees.[1]  The undersigned next addresses the appropriate amount of that fee award.  In calculating a reasonable attorneys' fee award,

---

[1] The plaintiffs filed a three count Complaint against the defendants for: 1) violation of Section 718.202 of the Florida Statutes (Count 1); 2) violation of the Interstate Land Sales Full Disclosure Act ("ILSA") (Count II); and 3) violation of the Florida Unfair and Deceptive Trade Practices Act ("FDUTPA") (Count III).  Count I was dismissed with prejudice on June 4, 2009.  The defendant's motions for summary judgment on Count II and Count III were granted on July 14, 2009, and July 30, 2009, respectively.

the Court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services. See Hensley v. Eckerhart, 461 U.S. 424 (1983); Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994). These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar". Under certain circumstances, the lodestar may be adjusted in order to reach a more appropriate attorneys' fee. See Blum v. Stenson, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544 (1984). The plaintiffs have not responded to the defendant's request for fees despite being ordered to do so. Nonetheless, the undersigned is obligated to determine the reasonableness of the attorneys' fees sought.

    A.    Reasonable Hourly Rate

The Court must first evaluate the defendant's requested fees in terms of the appropriate hourly rate. In order to determine a reasonable and proper fee, the Court must consider the number of hours expended on the case together with the customary hourly fees charged in this community. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community...." Blum v. Stenson, 465 U.S. 886, 895 (1984). Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work. Norman, 836 F.2d at 1299 (citing Davis v. Board of School Commissioners of Mobile County, 526 F.2d 865, 868 (5th Cir. 1976)).

The defendant filed the Affidavit of Reasonable Attorneys Fees which was provided by their attorney's fee expert, Benjamin R. Alvarez, Esq. (DE# 36, 12/9/09). Mr. Alvarez opines that the hourly rates of $375, $350, $250 and $125 for Hugo V. Alvarez, Esq. (partner), Richard L. Barbara, Esq. (partner), Lourdes de Armas, Esq. (associate), and Monique Pena (legal assistant), respectively, are reasonable. Id. at ¶ 4. The undersigned agrees and recommends that the Court find the hourly rates charged by the defendant's counsel to be reasonable.

  B. Hours Reasonably Expended

The Court must next evaluate the defendant's requested fee for reasonableness in terms of the total hours expended by defendant's counsel. The defendants seek reimbursement for 62.7 hours, which totals the amount of $20,642.50. The defendant supports its fee request by submitting time sheets of defense counsel and affidavits of their fee expert, Mr. Alvarez, and an affidavit of one of the defendant's attorneys, Richard L. Barbara, Esq. (DE# 36, 12/9/09).

This Court must exercise independent judgment when reviewing a claim for hours reasonably expended. See Norman, 836 F.2d 1292, 1301-02 (11th Cir. 1988). It is important to keep accurate and current records of work done and time spent on a case, especially when a third party, i.e., someone other than the client, may pay the bills. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." National Association of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1327 (D.C. Cir. 1982). It is necessary for attorneys to identify the subject matter of his/her time

expenditures.  Hensley, 461 U.S. at 437.  If there is inadequate documentation or if the court finds a claim for hours to be "excessive or unnecessary", the Court may reduce the number of hours for which fees will be awarded.  Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985); see also Loper v. New York city Police Department, 853 F. Supp. 716, 721 (S.D.N.Y. 1994) ("where adequate contemporaneous records have not been kept, the court should not award the full amount requested").

Upon independent review of the defendant's time sheets, the undersigned finds that the 62.7 hours incurred by the defendant's counsel are reasonable and should be reimbursed at the requested hourly rates for a total of $20,642.50.

## RECOMMENDATION

For all of the foregoing reasons, the undersigned recommends that the Defendant Indian Creek Holdings, LLC, a Florida Limited Liability Co.'s Motion for Entitlement to Attorney's Fees and Costs (DE# 29, 7/30/09) be GRANTED.  The defendant should be awarded its reasonable attorneys' fees in the amount of $20,642.50 for 62.7 hours of legal work.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Court Judge.   Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S. Ct. 397 (1988); See also, RTC v. Hallmark Builders, Inc., 996 F. 2d 1144,

1149 (11th Cir. 1993).

      RESPECTFULLY SUBMITTED in Chambers, at the United States Courthouse, Miami, Florida this <u>6th</u> day of January, 2010.

                                                  _____
                                                  JOHN J. O'SULLIVAN
                                                  UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Huck
All counsel of record